UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2003 DEC 19 P 2: 04
U.S. DISTRICT COURT
DISTRICT OF MASS.

Town of Duxbury, et. al.,

Plaintiffs,

v.

Amerada Hess Corporation, et al.,

Defendants.

Civil Action No. 2003-12399RGS

**DEFENDANTS' EMERGENCY MOTION FOR EXTENSION OF TIME IN WHICH TO FILE OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND AND TO SHORTEN TIME PERIOD IN WHICH PLAINTIFFS ARE TO RESPOND TO THIS MOTION FOR EXTENSION**
**(Memorandum Incorporated)**

The undersigned defendants ("Defendants") hereby move for an extension of time to file their Opposition and supporting materials in opposition to Plaintiffs' Motion for Remand which was submitted December 11, 2003. Defendants' submissions currently are due on December 29, 2003. For the reasons below, Defendants seek an extension of time to respond, until resolution of Defendants' pending Motion to Stay. This Motion for Extension is submitted on an emergency basis because it seeks to extend a briefing schedule triggered by the December 11th Motion for Remand and it therefore otherwise would not be before this Court until some time after the presently applicable December 29th deadline for responding to the Motion for Remand. For that same reason, and given the impending Christmas holiday, Defendants move to shorten to four days, or until December 23, 2003, the time in which Plaintiffs have to submit any response to this Motion.

1. This action was filed in the Superior Court for Suffolk County, Massachusetts. Defendants removed it to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1441(a),1442(a)(1) and 1452(a). On December 12, 2003, Plaintiffs filed a Motion for Remand to state court.

2. This case is one of a wave of more than 40 lawsuits filed since September 30, 2003, in various state courts around the country, asserting that the inclusion of methyl tertiary butyl ether ("MTBE") in gasoline to comply with the Clean Air Act and United States Environmental Protection Agency fuel content regulations constitutes an inherent design defect.

3. Certain defendants have removed, or are in the process of removing, substantially all of these cases to the federal district court embracing the state court where the action was filed, and have filed (or will file) notices of relatedness to MDL 1358[1] with the Judicial Panel on Multidistrict Litigation, requesting that each of the removed cases be transferred and consolidated before a single federal court. Defendants anticipate that MTBE plaintiffs across the country, many of whom are represented by the same plaintiffs' counsel, will move to remand each removed case, just as Plaintiffs have moved to do so here. These multiple remand motions will present nearly identical jurisdictional issues, including, among others:

- whether the Complaint presents a substantial federal question for purposes of 28 U.S.C. § 1331;

---

[1] MDL 1358 – *In re MTBE Product Liability Litigation* – was created in 2000, as a result of previous lawsuits attacking MTBE. Defendants there (including many of the same defendants involved in the present matter) removed several cases to federal court and successfully petitioned the JPML to consolidate them in the United States District Court for the Southern District of New York. After the judge in MDL 1358 rejected the plaintiffs' efforts to certify a class action, those cases were resolved individually and dismissed. MDL 1358, although currently inactive, is still pending.

- whether Defendants have properly removed this action under 28 U.S.C. § 1441(a);
- whether Defendants have raised a colorable federal defense in this action, for purposes of 28 U.S.C. § 1442(a)(1);
- whether Defendants have properly alleged they were acting under federal direction, within the meaning of 28 U.S.C. § 1442(a)(1);
- whether this Court has original jurisdiction over this action under 28 U.S.C. § 1334 (bankruptcy); and
- whether Defendants have properly removed this action under 28 U.S.C. § 1452(a).

If each case were to proceed individually, Defendants would have to brief separately each remand motion. Reply briefing almost certainly would follow, adding to the massive (and largely duplicative) amount of paper in each individual case.

4. In order to minimize the burdens on this and the other federal courts involved, and eliminate or reduce the risk of inconsistent rulings on identical issues, Defendants filed on December 11, 2003, a Motion to Stay Proceedings in this case until the JPML rules on the pending motions for transfer and consolidation of the related suits. Plaintiffs' response to that Motion to Stay is due on December 29, 2003, the same date as the current December 29 deadline for Defendants' submissions in opposition to the Motion For Remand.

5. Until it is determined where these suits will go forward -- whether in individual Districts or, as Defendants expect, in a single consolidated forum -- it would be unnecessarily burdensome on this Court and unduly expensive for the parties to brief and argue each remand motion individually. And Plaintiffs will not be prejudiced by an extension until after the Motion to Stay is considered, nor, indeed, by the stay itself.

Such stays are routinely granted pending the JPML's determination of whether related cases shall be transferred and consolidated.

6. Accordingly, Defendants hereby move for an extension of time to respond to Plaintiffs' Motion For Remand, to the later of 10 days after: a) this Court's ruling on Defendants' pending Motion to Stay Proceedings; or b) (assuming the Court grants the Motion to Stay), the JPML's ruling on whether to transfer and consolidate this action for pretrial proceedings. They also move for a corresponding decrease in the amount of time Plaintiffs have to oppose this Motion for Extension as their response would not otherwise be due until January 2, 2004, several days after the deadline which Defendants seek herein to extend.

WHEREFORE, Defendants respectfully request that the Honorable Court:

A. Extend the time in which Defendants may file their Opposition to Plaintiffs' Motion for Remand to the later of 10 days after: a) this Court's ruling on Defendants' pending Motion to Stay Proceedings; or b) (assuming the Court grants the Motion to Stay), the JPML's ruling on whether to transfer and consolidate this action for pretrial proceedings;

B. Shorten to four days the time in which Plaintiffs have to submit a response to this Motion, setting a deadline of December 23, 2003; and

C. Grant such additional relief as necessary and just.

Respectfully submitted,

By: [signature]

J. Owen Todd (BBO # 499480)
Lisa Arrowood (BBO # 022330)
Kathleen Genova (BBO #563359)
Todd & Weld LLP
28 State Street
Boston, MA 02109
(617) 720-2626

Nathan P. Eimer
Pamela R. Hanebutt
Lisa S. Meyer
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
(312) 660-7600
**Attorneys for Defendant CITGO Petroleum Corporation**

Joining Defendants:

William L. Parker
Fitzhugh, Parker & Alvaro LLP
155 Federal Street
Suite 1700
Boston, MA 02110-1727
(617) 695-2330
(617) 695-2335 (fax)

Richard E. Wallace
Peter C. Condron
Wallace King Marraro & Branson, PLLC
1050 Thomas Jefferson Street, N.W.
Washington, DC 20007
(202) 204-1000
(202) 204-1001 (fax)
**Attorneys for Chevron U.S.A., Inc.; Equilon Enterprises, LLC; Motiva Enterprises, LLC; Shell Oil Company; Shell Oil Products Company; Shell Oil Products Company, LLC; Shell Petroleum, Inc.; and Shell Trading (US) Company**

Tracie L. Longman
Andrew G. Wailgum
Seth M. Wilson
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 457-4000
(617) 482-3868 (fax)

J. Andrew Langan
Mark S. Lillie
R. Chris Heck
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601-6636
(312) 861-2000
(312) 861-2200 (fax)
**Attorneys for Atlantic Richfield Company; BP America, Inc.; BP Amoco Chemical Company; BP Company North America Inc.; BP Corporation North America Inc.; BP Global Special Products (America) Inc.; BP Products North America Inc. (formerly known as Amoco Oil Company and misnamed as BP Products North Americas, Inc.)**

Daniel Rosenfeld
Michael DeMarco
Kirkpatrick & Lockhart, LLP
75 State Street
Boston, MA 02109
(617) 261-3100
(617) 261-3175 (fax)

Rod G. Smith
ConocoPhillips
600 North Dairy Ashford
Houston, TX 77079
(281) 293-1740
(281) 293-3826 (fax)
**Attorneys for Defendant ConocoPhillips Company and Tosco Corporation**

Deborah E. Barnard
Robin L. Main
Tara Myslinski
Holland & Knight LLP
10 St. James Ave.
Boston, MA 02116
(617) 523-2700
(617) 523-6850 (fax)
**Attorneys for Exxon Mobil Chemical Company, Inc.; Exxon Mobil Corporation; Exxon Mobil Oil Corporation; Exxon Mobil Refining and Supply Company; and Mobil Corporation**

William Kayatta
Pierce Atwood
One Monument Square
Portland, ME 04101
(207) 791-1238
(207) 791-1350

Alan J. Hoffman
Blank Rome LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6998
(215) 569-5505
(215) 832-5505 (fax)
**Attorneys for Lyondell Chemical Company**

Dated: December 19, 2003

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pamela R. Hanebutt, counsel for CITGO Petroleum Corporation, conferred with Plaintiffs' counsel, Renee Melancon of Baron & Budd, on December 18, 2003 pursuant to Local Rule 7.1. Ms. Melancon advised Ms. Hanebutt that Plaintiffs oppose this Motion, and Ms. Hanebutt's firm relayed the information to me.

Kathleen M. Genova (BBO # 563359)

## CERTIFICATE OF SERVICE

I, Kathleen M. Genova, one of the attorneys for CITGO Petroleum Corporation, hereby certify that I caused a copy of the foregoing to be served upon all counsel on the attached Service List, by U.S. Mail, first class postage prepaid, on December 19, 2003, with copies this same day served by telecopier on Plaintiffs' counsel.

Kathleen M. Genova (BBO # 563359)